UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** ) ) ) | |
| Plaintiff, ) ) | 1:03-cv-1513-SEB-VSS |
| vs. ) ) | |
| **JOHN L. MONTANA, JR., MELVIN R. LYTTLE, PAUL E. KNIGHT, WORLDWIDE T&P, INC., FIRST NATIONAL EQUITY, LLC, P.K. TRUST & HOLDING, INC.,** ) ) ) ) ) ) ) | |
| Defendant. ) | |

## ORDER OF PERMANENT INJUNCTION, DISGORGEMENT, AND OTHER EQUITABLE RELIEF AND FINAL JUDGMENT AS TO DEFENDANTS MELVIN R. LYTTLE AND NATIONAL EQUITY, LLC

The Court having considered the Motion for Summary Judgment of Plaintiff (Doc. #160), together with all the memoranda and evidence filed in connection with that motion; and the Court having considered the arguments and evidence of the parties including the testimony and exhibits submitted before, after and during the remedies hearing on April 27, 2007; and the Court having issued its Opinion and Order granting the Motion for Summary Judgment (Doc. #195); and the Court having found in its Order that Defendant Melvin R. Lyttle ("Lyttle"), by his representations and actions, both individually and through Defendant National Equity, LLC, which Lyttle solely owned and operated as an alter ego, violated § 17(a) of the Securities Act of 1933 and § 5(a), § 5(c), § 10(b), § 15(a)(1) and § 15(c)(1) of the Securities Exchange Act of 1934 and Rule 10-b5 thereunder, by, among other things, while acting as an unregistered broker-

dealer, knowingly or recklessly making material misrepresentations and omissions regarding the use, safety and control of investor funds in connection with the offer, purchase and sale of securities:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Lyttle and Defendant National Equity, LLC, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Lyttle and Defendant National Equity, LLC, and their agents, servants, employees,

attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Lyttle and Defendant National Equity, LLC, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IV.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Lyttle and Defendant National Equity, LLC, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(c)(1) of the Exchange Act [15 U.S.C. § 78o(c)(1)] by, while acting as a broker or dealer, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than commercial paper, bankers' acceptances, or commercial bills) otherwise than on a national securities exchange of which it is a member, or any securities-based swap

agreement, by means of any manipulative, deceptive, or other fraudulent device or contrivance, including any untrue statement of a material fact and any omission to state a material fact necessary to make the statements made, in light of the circumstances under which they are made, not misleading, with knowledge or reasonable grounds to believe that the statement or omission is untrue or misleading.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Lyttle, Defendant National Equity, LLC and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by, while engaging in business as a broker or dealer, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)] or associated with a broker or dealer that is registered with the Commission in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that as a consequence of the egregious and repetitive nature of the violations, the large amount of money lost by investors preyed upon by Defendant Lyttle and his failure to respond, under oath, to inquiries with respect to the use and destination of monies he collected from investors,

Defendant Lyttle is ordered to pay a civil penalty in the amount of $110,000 (one hundred ten thousand dollars) within twenty-five (25) business days from the date of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Lyttle as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Defendant Lyttle shall simultaneously transmit photocopies of such payment and letter to counsel for the SEC in this action alerting counsel of the fact of the payment.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Lyttle and Defendant National Equity, LLC, a shell corporation found to have operated as Lyttle's alter ego, are jointly and severally liable for disgorgement of $7,038,443 (seven million, thirty-eight thousand, four hundred forty-three dollars), representing profits or other financial gain resulting from the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,146,233 (four million, one hundred forty-six thousand, two hundred thirty-three dollars), for a total of $11,184,676 (eleven million, one hundred eighty-four thousand, six hundred seventy-six dollars).  Defendant Lyttle or Defendant National Equity, LLC shall satisfy this obligation by paying $11,184,676 (eleven million, one hundred eighty-four thousand, six hundred seventy-six dollars) within twenty-five (25) business days from the date of this Final Judgment to the Clerk of this Court, together with a cover letter identifying the payment and setting forth the title and civil action number of this action and the name of this Court and specifying that payment is made pursuant to this Final Judgment. Defendant Lyttle or Defendant National Equity, LLC, shall simultaneously transmit photocopies of such payment and notification letter to counsel for the SEC in this action.  By making this

payment, Lyttle or National Equity, LLC relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned.

The Clerk shall deposit all funds received into an interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.

Final Judgment is hereby entered in favor of Plaintiff SEC and against Defendant Melvin R. Lyttle and Defendant National Equity, LLC.

**IT IS SO ORDERED**   05/23/2007

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

John E. Birkenheier
SECURITIES AND EXCHANGE COMMISSION
birkenheierj@sec.gov

Steven Lee Klawans
US SECURITIES & EXCHANGE COMMISSION
klawanss@sec.gov

Boris Parad
PARAD LAW OFFICES P.C.
goto@paradfirm.com

Jason Yonan
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
yonanj@sec.gov

JOHN L. MONTANA JR.
49 Caswell Ave.
Staten Island, NY 10314

Melvin R. Lyttle
917 Palmer Court
Kodak, TN 37764